SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Dean Davis, | No. CV 09-0820-PHX-DGC (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Michael Dean Davis, who is confined in the Arizona State Prison Complex, Browning Unit, in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc.# 1, 3.)[1] The Court will dismiss the action.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

---

[1] "Doc.#" refers to the docket number of filings in this case.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Plaintiff's Complaint will be dismissed without leave to amend because the defects cannot be corrected.

## III. Complaint

Plaintiff alleges one count for violation of his due process rights in connection with disciplinary proceedings. He sues the following employees of the Arizona Department of Corrections (ADC): Director Charles L. Ryan; Captains Sigona, Russman, Carroll, Shitter, and Doe; Sergeants Holms, Ving, and Does I and II; and ADC. Plaintiff seeks injunctive, compensatory, and punitive relief.

## IV. Heck v. Humphrey Bar

Plaintiff filed this action using the court-approved form to seek relief for violations of his constitutional rights by officials acting under color of state law pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff seeks relief for the alleged denial of due process in connection with disciplinary proceedings that resulted in the loss of early release credits, and hence, affecting the duration of his sentence. Plaintiff's claim has not yet accrued.

A civil rights claim brought pursuant to § 1983 that, if successful, would necessarily undermine the validity of a conviction or the duration of a sentence may not be brought before the prisoner has obtained a "favorable termination" of the underlying conviction; a prisoner's sole federal remedy to challenge the validity or duration of his confinement is a

- 2 -

petition for a writ of habeas corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); <u>Docken v. Chase</u>, 393 F.3d 1024, 1031 (9th Cir. 2004). That is, a civil rights claim under § 1983 does not accrue unless or until the prisoner has obtained a "favorable termination" of the underlying conviction, parole, or disciplinary action. <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 489 (1994); <u>Docken</u>, 393 F.3d at 1031. Under the "favorable termination"" rule:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction of sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . .

<u>Heck</u>, 512 U.S. at 486-87. The "favorable termination" rule extends to prisoner challenges to state disciplinary and parole procedures for damages where success thereon would "necessarily demonstrate the invalidity of confinement or its duration." <u>Osborne v. District Attorney's Office for 3d Jud. Dist.</u>, 423 F.3d 1050, 1053 (9th Cir. 2005) (citing <u>Wilkinson v. Dotson</u>, 544 U.S. 74 (2005)); <u>see</u> <u>Edwards v. Balisok</u>, 520 U.S. 641, 646 (1997) (calculation of good time credits); <u>Butterfield v. Bail</u>, 120 F.3d 1023 (9th Cir. 1997) (parole revocation proceedings). Thus, success on any claim for damages pursuant to § 1983 that would necessarily imply the invalidity of confinement, or its duration, does not accrue "and may not be brought" unless and until the underlying conviction, sentence, or disciplinary proceeding affecting the duration of the sentence is reversed. Only then may a plaintiff properly seek damages pursuant to 42 U.S.C. § 1983.

In his Complaint, Plaintiff alleges violation of his due process rights in connection with disciplinary proceedings that resulted in the loss of early release credits. Success on Plaintiff's due process claim in this action would necessarily undermine the validity of the disciplinary proceedings and affect the duration of his sentence. Before Plaintiff may seek relief pursuant to § 1983, Plaintiff must first obtain a "favorable termination" of the disciplinary action.

To challenge disciplinary proceedings, a prisoner may seek federal habeas relief

- 3 -

1  pursuant to 28 U.S.C. § 2254, which is the "exclusive vehicle" for a state prisoner to seek
2  relief from an administrative decision in federal court. See White v. Lambert, 370 F.3d 1002,
3  1009-10 (9th Cir. 2004). Before a federal court may grant habeas relief, however, a prisoner
4  must first have exhausted remedies available in the state courts. See 28 U.S.C. § 2254(b)(1);
5  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The federal court will not entertain a
6  petition for writ of habeas corpus unless each and every issue has been exhausted. Rose v.
7  Lundy, 455 U.S. 509, 521-22 (1982); Olvera v. Guirbino, 371 F.3d 569, 572 (9th Cir. 2004)
8  (district court may not consider a claim until petitioner has properly exhausted all available
9  remedies). When seeking habeas relief, the burden is on the habeas petitioner to show that
10 he has properly exhausted each claim. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir.
11 1981) (*per curiam*).

12         To exhaust claims, a prisoner must give the state courts a "fair opportunity" to act on
13 his claims. Castillo v. McFadden, 399 F.3d 993, 998 (9th Cir. 2005). He must describe both
14 the operative facts and the federal legal theory so that the state courts have a "'fair
15 opportunity' to apply controlling legal principles to the facts bearing upon his constitutional
16 claim." Anderson v. Harless, 459 U.S. 4, 6 (1982). Further, a prisoner seeking to exhaust
17 claims in state court before filing a federal habeas action should diligently pursue his
18 available state remedies to avoid application of the one-year limitation period. See Shelby
19 v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004) (applying § 2244(d) to a habeas petition
20 challenging a disciplinary order).

21         Plaintiff appears to have an available remedy in state court to exhaust his claim
22 challenging the disciplinary proceedings prior to filing a federal habeas corpus petition.
23 Although Arizona's Administrative Review Act does not authorize state judicial review of
24 prison disciplinary proceedings, an inmate may seek such review by bringing a special action
25 in superior court. Rose v. Arizona Dep't of Corr., 804 P.2d 845, 847-50 (Ariz. Ct. App.
26 1991). If unsuccessful, the inmate must then appeal the superior court's ruling to the Arizona
27 Court of Appeals to exhaust his claims before seeking federal habeas relief. See Swoopes
28

- 4 -

v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999).

## CONCLUSION

Plaintiff seeks damages for violation of his constitutional rights in connection with disciplinary proceedings that resulted in the loss of early release credits. Success on Plaintiff's claim would necessarily undermine the duration of his sentence; therefore, he must first obtain a "favorable termination" of the underlying disciplinary charges before he may seek relief pursuant to 42 U.S.C. § 1983. Because Plaintiff has not done so, this action will be dismissed without prejudice to filing a new action when and if he obtains a favorable termination of the disciplinary charges.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**. (Doc.# 3.)

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) The Complaint (doc.# 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 29th day of April, 2009.

_____
David G. Campbell
United States District Judge